McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $7,000.00 IN U.S. CURRENCY,

Defendant.

2:18-MC-00179-WBS-CKD

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On June 27, 2018, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $7,000.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about August 20, 2018, USPIS received a claim from Paul Cameron ("Cameron" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on June 27, 2018, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Express Mail

1

parcel # EE234958131US. The parcel was addressed to Simple Life Promotions, 2213 B Del Paso Blvd, Box #132, Sacramento, CA 95815, with the following return address: Musikal Mixx, 1418 Palmdale St, Jax, FL 32208. Law enforcement searched public records databases and were unable to identify Musikal Mixx associated with the return address of 1418 Palmdale St., Jacksonville, FL 32208. Contact was made with the Post Office that delivers to this address. The Post Office said that Paul A. Cameron receives mail at this location. Law enforcement searched public records databases and were unable to identify Simple Life Promotions associated with the recipient address of 2213 B Del Paso Blvd, Box #132, Sacramento, CA 95815. Contact was made with the Post Office that delivers to this address. The Post Office provided a copy of the Commercial Mail Receiving Agencies ("CMRA") application that revealed a Sean Thompson ("Thompson") had applied for P.O. Box #132 with a listed address in Riviera Beach, FL.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on June 27, 2018, law enforcement obtained consent from Thompson to open the parcel, after he told them that he was expecting a parcel from Musikal Mixx and it should contain a money order for $7,000.00. Inside the parcel was a bubble wrapped white bundle. Inside the white bundle was another bundle wrapped in duct tape. Inside the duct tape bundle was a bubble wrapped purple case with a bundle wrapped in carbon paper. Inside the bundle wrapped in carbon paper was cash totaling $7,000.00. The currency consisted mainly of $20 bills, making up $5,880.00 of the $7,000.00. The parcel did not contain any notes, receipts, or instructions.

6. For the purposes of this settlement only, claimant does not dispute the United States' representation that Cameron has two arrests for marijuana possession with intent to sell.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Cameron specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant

2

currency. Cameron acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $3,500.00 of the Approximately $7,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,500.00 of the Approximately $7,000.00 in U.S. Currency shall be returned to claimant Paul Cameron.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made

therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated: January 11, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE